

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,938-01

### EX PARTE SHERMAN ROBINSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2015CR5888-W1 IN THE 187TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of a felon in possession of a firearm and sentenced to ninety-nine (99) years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Robinson v. State*, No. 04-16-00309-CR, 2017, at *1 (Tex. App. — San Antonio June 14, 2017) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance by not preparing for trial, by not investigating and objecting to the enhancements, by advising him to plead true to bad enhancements, by failing to obtain a ruling on his motion to suppress, and by

failing to object to false testimony. He also alleges that the enhancements used in his case were not eligible to be used against him.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel, specifically addressing if he conducted any investigation in confirming the eligibility of the enhancement allegations, and if so, what led to his determination that they were valid. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to: 1) the merits of Applicant's suppression argument and whether, had the court denied the motion to suppress, it would have committed error; 2) whether the enhancement allegations were eligible to be used, and if not, were there alternative convictions that could have been used; 3) whether the police officer's testimony regarding what the Applicant was wearing was false, and if so, was it material; and 4) whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:      June 26, 2019
Do not publish